NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISIAH LEWIS, | No. 19-15420 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-03575-KAW |
| v. | |
| BENEFICIAL CALIFORNIA, INC., a subsidiary of HSBC Bank USA National Association; BENEFICIAL MANAGEMENT CORPORATION OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding**

Submitted June 2, 2020***

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Isiah Lewis appeals pro se from the district court's judgment dismissing his Fair Credit Reporting Act ("FCRA") action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) on the basis of the applicable statute of limitations. *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004). We review for an abuse of discretion the denial of leave to amend. *Drew v. Equifax Info Servs.*, 690 F.3d 1100, 1105-06 (9th Cir. 2012). We affirm.

The district court properly dismissed Lewis's action as barred by the applicable statute of limitations. *See* 15 U.S.C. § 1681p (FCRA action must be filed two years after plaintiff discovers the violation, or five years after the violation occurs, whichever is earlier); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d at 1109-10 (constructive discovery triggers FCRA's two-year limitations period).

The district court did not abuse its discretion by denying leave to amend Lewis's first amended complaint because amendment would have been futile. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (setting forth standard of review and explaining that denial of leave to amend is appropriate where amendment would be futile).

We reject as unsupported by the record Lewis's contention that the district court failed to hold him to a less stringent standard as a pro se litigant.

We do not consider matters not specifically and distinctly raised and argued

19-15420

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**